Ruth L Cohen, Esq.
Nevada Bar No. 1782
Paul S. Padda, Esq.
Nevada Bar No. 10417
Rachel N. Solow, Esq.
Nevada Bar No. 9694
COHEN & PADDA, LLP
4240 W. Flamingo Road, Suite 220
Las Vegas, NV 89103
Tel: (702) 366-1888
Fax: (702) 366-1940
Web: caplawyers.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SONYA JEFFERSON,

       Plaintiff,

vs.

INTERSTATE MTG. CO., LLC, d/b/a RENAISSANCE LAS VEGAS, a foreign Limited-Liability Company,

       Defendant.

## **COMPLAINT WITH JURY DEMAND**

Plaintiff, Sonya Jefferson ("SONYA"), by and through attorneys of record, RUTH L. COHEN, ESQ. of the law firm COHEN & PADDA, LLP, hereby alleges the following in support of this lawsuit:

/ / /

/ / /

I.

## JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION

1. This is a civil action for damages brought by Plaintiff to remedy discrimination on the basis of race and retaliation, and to seek relief under applicable state and federal anti-discrimination statutes.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" within Clark County, Nevada.

3. Plaintiff is asserting statutory claims under the following statutes:

- Nevada anti-discrimination statutes, N.R.S. § 613.330 et seq.;
- Federal anti-discrimination statute, Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e et seq., as amended;

4. Damages and other appropriate legal and remedies are sought by Plaintiff pursuant to N.R.S. § 613.330 et seq., 42 U.S.C. § 2000e et seq., as amended.

II.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about November 15, 2011, Plaintiff filed a formal charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). This filing with the EEOC fulfilled her obligation to initiate an administrative claim <u>before</u> seeking review in this court.

6. In the EEOC filing, Plaintiff alleged facts demonstrating that she had been subjected to illegal employment discrimination and retaliation resulting in discharge based on disability, sex/gender, race, and age.

7. On February 12, 2014, the EEOC sent a "Notice of Suit Rights" to the Plaintiff, which she received on or about February 15, 2014. The Notice of Suit Rights stated that Plaintiff would have within 90 days of receipt of the letter to file a lawsuit.

III.

## THE PARTIES

8. Plaintiff, "Sonya Jefferson" is an adult individual currently residing in Nevada.

9. Defendant "Interstate Mtg. Co., LLC," ("Renaissance") is a foreign limited-liability company qualified in the state of Delaware. One of the entities that they do business as is Renaissance Las Vegas, a Las Vegas hotel.

IV.

## FACTUAL BACKGROUND

10. On or about May, 5, 2007, Plaintiff, an African-American female, was hired as a temporary employee working as the Executive Assistant to the General Manager, Tom Xavier, at the Renaissance Las Vegas.

11. After completing a six (6) month probation period, on or about September 7, 2007, Plaintiff was offered a permanent position as Executive Assistant.

12. Plaintiff received little to no training on her daily duties and was ignored by Tom Xavier who spent the majority of his time working with another Caucasian assistant.

13. Though poorly trained and unappreciated, Plaintiff performed her obligations for Defendant as an Executive Assistant from May of 2007, to February 7, 2011.

14.     In 2009, Plaintiff was informed that due to budget cuts and lay-offs she would need to provide additional administrative assistance to Fred DeSota and Christie Bustamante. Plaintiff took on the challenge without complaints.

15.     It was immediately apparent to Plaintiff that Fred Desota was not happy with her being assigned to assist him. Mr. Desota reminded Plaintiff often that he "was a good old boy from Texas." Plaintiff, an African American, found Mr. Desota's comments to be racially hostile. Prior to Plaintiff assisting Mr. Desota, Rhonda Tolbert, an African American, provided administrative assistance to Mr. Desota. Ms. Tolbert complained to human resources that Mr. Desota had been racially discriminating against her and no actions were taken. Ms. Tolbert went to lunch one afternoon and never returned.

16.     Plaintiff was subjected to constant scrutiny and continual harassment from peers as well as management. For on or about two (2) years, Executive Committee Member, Robert Cole, a Caucasian friend of Mr. Xavier's, kicked Plaintiff's chair daily until one day he actually kicked Plaintiff's arm. Plaintiff complained to Tom Xavier who told her to address Mr. Cole herself. After complaining to Mr. Xavier, Mr. Cole's actions worsened to a point where he would push papers off Plaintiffs desk every time he walked past her desk.

17.     On or about February 7, 2011, Plaintiff was called into a meeting with Tom Xavier, Christie Bustamante, and Fred DeSota. Plaintiff was informed she was being demoted to Sales and Catering Administrative Assistant. Plaintiff was demoted the same day she was scheduled to go on approved FMLA leave and replaced as

Executive Assistant by a younger, Caucasian female, whom received significantly more training hours than Plaintiff.

18. On or about August, 2011, Plaintiff was approached by a coworker named Andrew Jenkins, who told Plaintiff she should "go to a methadone clinic" and stop putting drugs up her nose. These types of comments made in the presence of Janice Lencke, were the result of Plaintiff taking a day off for an illness.

19. From on or about August 4, 2011, to August 9, 2011, Plaintiff was hospitalized. At the time of hospitalization, Plaintiff was diagnosed with depression. Medical records reflect that Plaintiff attributed her depression and emotional state to her employment.

20. On or about August 9, 2010, after being released from the hospital for job related depression, Plaintiff reported Mr. Jenkin's comments to Tom Xavier. Within minutes of her making the report Human Resources Director, Trevor Curran, and Andrew Jenkins went into Tom Xavier's office. Mr. Xavier ignored Plaintiff for the remainder of the day until on or about 4:30 p.m. when he called Plaintiff into his office and informed her that she was being written up for attendance.

21. After submitting a written complaint to Mr. Xavier, Plaintiff was informed by payroll manager Alicia Turner that Trevor Curran came to her office requesting a report on Plaintiff's attendance.

22. On or about September 29, 2011, Plaintiff was constructively discharged after Defendant failed to provide reasonable accommodation for Plaintiff's medical condition.

/ / /

## V.

## FIRST CAUSE OF ACTION
### (FMLA Retaliation in violation of 29 U.S.C. § 2601 et. seq.)

23. Plaintiff repleads and realleges every allegation contained in Paragraphs 1 through 22 with the same force and effect as if set forth herein.

24. Plaintiff engaged in protected activity when she exercised her rights under FMLA. Renaissance retaliated against Plaintiff for exercising those rights when it demoted Plaintiff the same day her approved FMLA leave was scheduled to start.

25. The foregoing conduct constituted illegal retaliation prohibited by 29 U.S.C. § 2601 *et. seq.*

26. Plaintiff has been seriously harmed, economically and emotionally, by this unlawful discrimination in the form of retaliation by this Defendant and she is entitled to be fully compensated therefor.

27. As a direct and proximate result of Defendant's wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff has had to secure the services of an attorney to pursue this action, and Plaintiff should be allowed a reasonable sum for her attorneys fees and costs.

## VI.

## SECOND CAUSE OF ACTION
### (Discrimination based on Race in Violation of State and Federal Anti-Discrimination Statutes)

28. Plaintiff repleads and realleges every allegation contained in Paragraphs 1 through 27 with the same force and effect as if set forth herein.

29. As an employee, Plaintiff was a person entitled to protection under Nevada's anti-discrimination statute, N.R.S. § 613.330 et seq. and the aforementioned federal statutes, Title VII and §1981.

30. Defendant had a legal obligation, pursuant to the aforementioned state and federal statutes, the policy of the State of Nevada, and their own internal corporate policies, to maintain a workplace free of unlawful discrimination.

31. Despite these laws, Defendant and its employees, subjected Plaintiff to different terms and conditions of employment because of her race, African-American, and her color, black, and treated similarly situated, but non-black, individuals more favorably.

32. This illegal disparate treatment included, but is no limited to the following: differing (and lack of) management and corporate support and assistance; hostility; stricter scrutiny and supervision; inadequate or unsatisfactory oversight and control of managers and supervisors.

33. Defendant created, allowed and tolerated a workplace where illegal disparate treatment on the basis of race was not prevented, and when it did occur, was not recognized or remedied.

34. Defendant discriminated against Plaintiff, an African-American whose skin color is black, in violation of federal and state law, when it tolerated and ratified racial discrimination in their workplace.

35. By engaging in these actions, Defendant violated federal and state law, including, but not limited to, N.R.S. 613. 330 et seq., and Title VII of the Civil rights Act

of 1964, as amended, U.S.C. § 2000e et seq. Plaintiff is seeking all legal remedies to which he is entitled under these laws.

36. Defendant has illegally discriminated against the Plaintiff because of her race, and the Plaintiff has been injured and damaged by this discrimination. Those damages include, but are not limited to, substantial economic losses and also mental anguish, emotional harm and humiliation caused by the discrimination while she was employed and then in the loss of his job. Pursuant to Title VII, 42 U.S.C. § 2000e et seq., the Plaintiff is entitled to be made whole and fully compensated for all damages and injuries suffered, including recompense in the form of back pay and front pay, and compensatory damages for the emotional pain and anguish suffered by them in an amount to be determined at trial.

37. Defendant's, and its employees, acts of discrimination were performed with malice and/or reckless indifference to Plaintiff's protected civil rights and/or constituted or contributed to the intentional discrimination of Plaintiff in the face of a perceived risk that those actions or omissions would violate federal law. Therefore, the Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant and all others from engaging in illegal discrimination based on race and/or color.

38. It has been necessary for the Plaintiff to retain the services of attorneys, pursuant to 42 U.S.C. § 2000e-5(k), she is entitled to recover reasonable costs and attorneys fees.

/ / /

/ / /

## VII.

## THIRD CAUSE OF ACTION
(Retaliation)

39. Plaintiff repleads and realleges every allegation contained in Paragraphs 1 through 38 with the same force and effect as if set forth herein.

40. The aforementioned state and federal statutes which prohibit racial discrimination also prohibit retaliation against any individual engaged in reporting or complaining about possible discrimination or acts which might constitute discrimination.

41. Defendant subjected Plaintiff to retaliation when Defendant failed to take preventative action to protect her, continued to employ individuals who discriminated against Plaintiff, and allowed its employees to continue to treat Plaintiff differently than similarly situated, non-African American administrative assistants.

42. The actions of the Defendant constitute illegal retaliation and are prohibited by law.

43. Plaintiff has been seriously harmed, economically and emotionally, by this unlawful discrimination in the form of retaliation by this Defendant and she is entitled to be fully compensated therefor.

44. As a direct and proximate result of Defendant's wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff has had to secure the services of an attorney to pursue this action, and Plaintiff should be allowed a reasonable sum for her attorneys fees and costs.

/ / /

/ / /

## VIII.

## FOURTH CAUSE OF ACTION
### (Discrimination Based on Sex in Violation of Federal and State Statutes)

45. Plaintiff repleads and realleges every allegation contained in Paragraphs 1 through 44 with the same force and effect as if set forth herein.

46. As an employee, Plaintiff was entitled to protection under Nevada's anti-discrimination statute, N.R.S. § 613.330 *et seq.*, and the aforementioned federal statute, Title VII.

47. Defendant had a legal obligation, pursuant to the aforementioned state and federal statutes, the policy of the State of Nevada, and their own internal corporate policies, to maintain a workplace free of unlawful discrimination.

48. Despite these laws, Plaintiff was subjected to different terms and conditions of employment based on her sex/gender (female).

49. Defendant created, allowed and then tolerated a workplace where illegal treatment on the basis of sex/gender was not prevented, and when it did occur, was not recognized or remedied.

50. Defendant discriminated against Ms. Jefferson, a female, in violation of federal and state law, when they tolerated and ratified illegal disparate treatment and sex/gender discrimination in their workplace. Though Plaintiff complained about the treatment to her supervisors and HR Department, no action ever took place to remedy the issue.

/ / /

/ / /

/ / /

51. By engaging in these actions, Defendant violated federal and state law, including, but not limited to, N.R.S. § 613.330 *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended, U.S.C. § 2000e *et seq.* Plaintiff is seeking all legal and equitable remedies to which she is entitled under these laws.

52. Defendant has illegally discriminated against the Plaintiff because of her sex/gender, and Plaintiff has been injured and damaged by this discrimination. Those damages include, but are not limited to, substantial economic losses and also mental anguish, emotional harm and humiliation caused by the discrimination while she was employed by Defendant. Pursuant to Title VII, 42. U.S.C. § 2000e *et seq.*, the Plaintiff is entitled to be made whole and fully compensated for all damages and injuries suffered, including recompense in the form of back pay and front pay, and compensatory damages for the emotional pain and anguish suffered by her in an amount to be determined at trial.

53. The Defendant's acts of discrimination were performed with malice and/or reckless indifference to the Plaintiff's protected civil rights and/or constituted or contributed to the intentional discrimination of Plaintiff in the face of a perceived risk that those actions or omissions would violate federal law. Therefore, the Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant and all others from engaging in illegal discrimination based on sex/gender.

54. It has been necessary for the Plaintiff to retain the services of attorneys pursuant to 42 U.S.C. § 2000e-5(k), she is entitled to recover reasonable costs and attorneys fees.

/ / /

## IX.

## FIFTH CAUSE OF ACTION
### (Age Discrimination in violation of 29 U.S.C. § 623 *et. seq.*)

55. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 58 set forth above.

56. Defendants discriminated against Plaintiff on the basis of her age (45) by, among other things demoting her and replacing her with a younger, Caucasian female.

57. The foregoing conduct constituted illegal discrimination prohibited by 29 U.S.C. § 623 *et. seq.*

## X.

## SIXTH CAUSE OF ACTION
### (Americans with Disabilities Act)

58. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 57 set forth above.

59. Defendant, by and through its management employees, engaged in discriminatory behavior against a pregnant person.  The Plaintiff has a disability within the meaning of the Americans with Disability Act ("ADA") and presented proof to management of her condition.  The Plaintiff was qualified to continue working as an Executive Assistant at Renaissance.  The Plaintiff's disability was a motivating factor in Renaissance's decision to demote the Plaintiff.

60. The foregoing conduct constituted illegal employment actions prohibited by ADA.  See 42 U.S.C. § 12101 *et. seq.*

/ / /

/ / /

## XI.

## SEVENTH CAUSE OF ACTION
### (Hostile Work Environment)

61.     Plaintiff repleads and realleges every allegation contained in Paragraphs 1 through 60 with the same force and effect as if set forth herein.

62.     Plaintiff was subjected to multiple humiliating and derogatory actions that are based on her sex/gender on a daily basis in front of co-workers.

63.     Wherefore, Plaintiff demands judgment against Defendant for damages in an amount to be adduced at trial by jury in this matter.  Further, Plaintiff demands compensation for the cost of this action, including attorneys fees and such other relief deemed just and equitable.

## XII.

## DEMAND FOR JURY TRIAL

64.     Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff invokes her right to trial by jury in this civil action.

/ / /

/ / /

/ / /

## XIII.

## RELIEF REQUESTED

WHEREFORE, in the light of the foregoing, Plaintiff requests that the Court enter the following relief in this matter:

a. Set this matter for <u>trial by jury</u> on a date certain;

b. Award Plaintiff general and compensatory damages in an amount not less than $100,000;

c. Award Plaintiff exemplary and punitive damages against Defendant in order to deter future conduct;

d. Pre-judgment and post-judgment interest, as provided by law;

e. Award Plaintiff costs and reasonable attorneys fees; and

f. For such other and further relief as the Court shall deem just and proper.

DATED this 8th day of May, 2014.

Respectfully submitted,

Ruth L. Cohen, Esq.
Paul S. Padda, Esq.
Rachel N. Solow, Esq.
COHEN & PADDA, LLP
4240 West Flamingo Road, #220
Las Vegas, Nevada 89103
Tel: (702) 366-1888
Fax: (702) 366-1940
Web: caplawyers.com

Attorneys for the Plaintiff